# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEVIN NIEVES

## DEFENDANTS
BOROUGH OF WEST CHESTER, et. al.

**(b)** County of Residence of First Listed Plaintiff: **LUZERNE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron B. Gorodetzer, Esq., Sbarbaro Law Offices, LLC
705 Gordon Drive, Exton, PA 19341, 610-344-7300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
EXCESSIVE FORCE

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 10-29-2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____ *Must sign here*  _____
*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____ *sign here if applicable*  _____
*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN NIEVES,** | : |
| Plaintiffs, | : |
| vs. | : CIVIL NO. 2:21-cv-04778 |
| | : |
| **BOROUGH OF WEST CHESTER,** | : CIVIL ACTION |
| **OFFICER JERRY FERRIOLA** | : |
| **OFFICER GREG CUGINO** | : |
| Defendants. | : JURY TRIAL DEMANDED |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action under 42 U.S.C. § 1983 and the United States Constitution challenging the policy and practice of the Borough of West Chester denying citizens in custody medical treatment for injuries suffered during an arrest, the failure to supervise and train police officers to refrain from utilizing methods of arrest that constitute excessive force stemming from a November 2, 2019 incident whereby Borough of West Chester Police Officers Jerry Ferriola and Greg Cugino utilized excessive force during an arrest of Plaintiff Kevin Nieves during an incident outside Barnaby's restaurant whereby the officers used excessive force, forced Mr. Nieves to the ground, and one of them struck Mr. Nieves in the head with a closed fist. As a result of the referenced customs and policies of Borough of West Chester and the conduct of the aforementioned officers Plaintiff Kevin Nieves suffered injuries to his face, head, neck and back, as well as bruising and psychological injury. The outrageous conduct of the Defendants violates numerous constitutional protections. Defendants also assaulted, battered and intentionally inflicted emotional distress upon Mr. Nieves.

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the Fourth, and Fourteenth Amendments to the United States Constitution.

3. Venue for this action properly lies in this Judicial District pursuant to 28 U.S.C. § 1391 (b) because all of the events that give rise to the claims in this action occurred in this District.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Kevin Nieves is and was at all relevant times a citizen of the Commonwealth of Pennsylvania and the United States of America, currently residing at 124 West Enterprise Street, Glen Lyon, PA 18617.

6. Defendant, Borough of West Chester, is a municipal corporation with an address of 401 East Gay Street, West Chester, PA 19380 and acts through its agents and employees, including Officers Ferriola and Cugino. The City operates under a Mayor/ Council/Manager form of government with authority over all borough functions including law enforcement, to include the West Chester Borough Police, and the enactment and enforcement of legislation, ordinances, and regulations governing the borough.

7. At all times material hereto, Officer Jerry Ferriola, is and was a law enforcement officer for the West Chester Borough Police and is being sued in his official and individual capacity.  At all times material hereto, Defendant Ferriola was acting under color of state law.

8. At all times material hereto, Officer Greg Cugino, is and was a law enforcement officer for the  West Chester Borough Police and is being sued in his official and individual capacity.  At all times material hereto, Defendant Cugino was acting under color of state law.

## FACTUAL ALLEGATIONS

9. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

10. On or about November 1-2, 2019, Kevin Nieves was celebrating his birthday with friends in West Chester Pennsylvania, a suburban college town.

11. Mr. Nieves started the evening at Barnaby's, a restaurant/bar in West Chester, Pennsylvania.

12. After leaving Barnaby's and going to a different establishment, Mr. Nieves realized he did not have his cell phone.

13. Believing he had left it at Barnaby's he attempted to return to Barnaby's where he was denied admittance.
14. After an exchange with an employee at the door of Barnaby's, Officers Jerry Ferriola and Greg Cugino were summoned by the Barnaby's employee.
15. The officers led Mr. Nieves to their police car.
16. They then moved Mr. Nieves to the rear of the car and tackled him to the ground.
17. It should be noted that Mr. Nieves is short (approximately 5'6") and slight of build (approximately 150 lbs.), while the officers in question are much larger and more powerful that Mr. Nieves.
18. While on the ground one of the officers shouted at Mr. Nieves "on your belly now".
19. Since Mr. Nieves at that moment was in the grasp of both Officers Ferriola and Cugino he was unable to comply, at which point, one of the officers with a closed fist struck Mr. Nieves in the head.
20. The officers than rolled Mr. Nieves onto his belly with Officer Ferriola placing his knee on Mr. Nieves back.
21. Mr. Nieves complained of injury, but was taken to the police station and not to the hospital to receive medical treatment, despite request by Mr. Nieves for the need for same.
22. Following their release Plaintiff Kevin Nieves reported to the emergency room for treatment for the injuries he sustained.
23. As a direct result of the above described acts, Plaintiff Kevin Nieves:
    a. suffered injury to his eye, face, head, neck, and back, and bruising over his body and psychological injury,
    b. was forced to endure pain, mental suffering, humiliation and embarrassment,
    c. was forced to incur medical and legal expenses, and
    d. was deprived of his physical liberty, all to his great detriment and loss.
24. The actions of all Defendants in the case were undertaken under color of state law and in the absence of justification, probable cause and/or or other valid or reasonable lawful basis.

25. The actions of the Defendants violated the clearly established and well-settled federal, constitutional, and state law rights of Mr. Nieves to be free from the use of excessive, unreasonable, and unjustified force against his person.

## COUNT I
### Use of Excessive Force
**Under 42 U.S.C. § 1983; Fourth and Fourteenth Amendment to the U.S. Constitution**
**Defendants Jerry Ferriola and Greg Cugino**

26. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

27. On or about November 2, 2019, Defendant Officers Jerry Ferriola and Greg Cugino violated Plaintiff's Fourth and Fourteenth Amendment protections against unreasonable seizure when they utilized excessive force against Plaintiff, denied him timely medical attention for the injuries as set forth above, and/or failed to intervene and take reasonable steps to prevent the use of excessive force.

28. The Officers' Conduct was willful, wanton, and with reckless disregard for the Plaintiff's constitutional rights and caused him great injury.

## COUNT II
**Under 42 U.S.C. § 1983; Fourth and Fourteenth Amendment to the U.S. Constitution**
**Municipal Custom/Practice**
**Defendant Borough of West Chester**

29. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

30. Upon information and belief, prior to November 2, 2019, municipal defendant Borough of West Chester, through its agents and/or employees, was responsible for, aware of, approved of, acquiesced in, was deliberately indifferent to, and/or tolerated and ratified a pattern and practice of use of excessive force and denial of medical treatment to individuals in custody when arresting individuals, including:

    a. Failing to discipline or prosecute or in any manner deal with known incidents of abuse of police powers by West Chester Borough police officers;

    b. Refusing to investigate complaints of previous incidents of abuse of police powers and instead officially claimed that such incidents were justified and proper; and

    c. By means of both inaction and cover-up of such abuse of police powers, municipal defendants encourage police officers including defendant officers in this case to believe that such abuse of police powers, including the use of excessive force was permissible.

    d. Allowing and tolerating the use of closed fist punches without necessity.

31. Municipal defendants have maintained either an inadequate system or no system of review of the civil rights violations by police officers, which results in the failure to identify instances of improper use of police powers, and/or failure to discipline, closely supervise officers, train officers, and/or retrain police officers who improperly engage in an abuse of police powers. Upon information and belief, the system deficiencies include, but are not limited to:

    a. Failing to develop, implement, carry out, and ensure compliance with policies, practices, customs, and/or procedures necessary to prevent excessive use of force;

    b. Preparation of investigative reports designed to vindicate the abuse of police powers, regardless of whether such actions were justified;

    c. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

    d. Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

    e. Issuance of statements exonerating officers involved in such abuse of police powers prior to the conclusions of investigation; and

    f. Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

32. Upon information and belief, municipal defendants also maintain a system of grossly inadequate training pertaining to arrests and appropriate use of force and when to allow individuals injured by force utilized by officers to receive timely medical treatment stemming from same.

33. The foregoing acts, omissions and systemic deficiencies, policies and/or customs of municipal defendant have caused police officers of municipal defendant to be unaware of the rules and laws governing legal arrests and appropriate use of force in same, and to believe that said issues were entirely within the discretion of the officer and an improper use of police powers would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to engage in abuse of police powers and utilizing force that was unreasonable, excessive and unnecessary under the circumstances and illegal.

34. Municipal defendants failed to promulgate and enforce a policy relating to the use of force during an arrest which is not in violation of the United States Constitution, thereby causing and encouraging police officers, including defendant officers in this case, to violate the rights of citizens such as plaintiff.

35. Municipal defendant failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens including Fourth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including defendant officers in this case, to violate the rights of citizens such as plaintiff.

36. Municipal defendant has intentionally and/or with conscious indifference to the danger of harm to citizens like plaintiff, established a system which fails to identify, track or report instances of excessive force and which is used by municipal defendants to conceal the extent to which police officers engage in such improper conduct.

37. The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of municipal defendant have caused police officers of municipal defendant, including defendant officers in this case, to be unaware of or to disregard the rules and laws governing lawful use of force during an arrest, and believe that the violations of citizen's civil rights without just cause is a proper police practice, entirely within the discretion of the officer and that said use of excessive force would not be honestly and properly investigated by the Police Department, all with the foreseeable result that

officers, including defendants, are more likely to engage in said abuse by police powers and use of excessive force.

38. Municipal defendants are directly liable for their own acts and omissions, specifically with regard to the failure to train and the promulgation of violations of the plaintiff's Fourth and Fourteenth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones, and/or tolerates such violations.

39. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of municipal defendant, defendant officers violated plaintiffs Fourth and Fourteenth Amendment rights and improperly engaged in abuse of police powers, thereby causing severe personal injuries, and other damages more specifically set forth above in plaintiff's complaint.

## COUNT III
## INTENTIONAL TORT CLAIM AGAINST DEFENDANTS
## FERRIOLA AND CUGINO
## ASSAULT AND BATTERY

40. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

41. Defendants Ferriola and Cugino used excessive force by punching Mr. Nieves in the head and tackling him to the ground and forcibly placing a knee on Mr. Nieves back.

42. Defendants Ferriola and Cugino's use of excessive force was intended to cause harmful and/or offensive contact with Mr. Nieves.

43. Defendants Ferriola and Cugino intended to put Mr. Nieves in reasonable and immediate fear of a harmful or offensive contact.

44. As a result of Defendants Ferriola and Cugino's acts, Mr. Nieves was put in reasonable and immediate fear of harmful or offensive contact.

45. Harmful and/or offensive contact with Mr. Nieves directly resulted from Defendants Ferriola and Cugino's actions.

46. Defendants Ferriola and Cugino's conduct was not authorized, justified, or otherwise privileged.

47. Defendants Ferriola and Cugino committed these intentional torts against Mr. Nieves knowing that their actions were wrongful.

48. Defendants Ferriola and Cugino's desire was to bring about the result substantially certain to follow from Defendant's actions – injuries to Plaintiff.

49. The actions of Defendants Ferriola and Cugino were willful, wanton, reckless, callously indifferent, and in conscious disregard for the safety of others.

50. As a direct and proximate result of the above-described actions of Defendants Ferriola and Cugino, Plaintiff sustained severe injuries, causing him great physical pain and mental anguish.

## COUNT IV:
### INTENTIONAL TORT CLAIM AGAINST DEFENDANTS FERRIOLA AND CUGINO FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

52. Defendants Ferriola and Cugino acted in an extreme and outrageous manner in by punching Mr. Nieves in the head and tackling him to the ground and forcibly placing a knee on Mr. Nieves back and/or failing to allow him to get prompt medical attention.

53. Upon information and belief, they acted intentionally and with reckless disregard for Mr. Nieves' welfare, inflicting permanent emotional distress on Plaintiff.

54. Defendants acted in an extreme and outrageous manner in restraining Mr. Nieves, , punching Mr. Nieves in the head and forcibly placing a knee on Mr. Nieves back.

55. As a direct and proximate result of the above-described actions of Defendants Ferriola and Cugino, Mr. Nieves suffered emotional distress that was severe in nature.

56. Defendants Ferriola and Cugino's actions were of such an outrageous nature as to rise to the level of intentional, willful, wanton, or reckless conduct.

## IV. *RELIEF SOUGHT*

57. Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth fully herein.

58. Plaintiff Kevin Nieves seeks compensatory damages, against each and every named Defendant herein, jointly and severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

59. Plaintiff Kevin Nieves seek punitive damages against each and every named Defendant herein, jointly and severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

60. Plaintiff Kevin Nieves seeks attorney fees, expert fees, interest, litigation expenses, and costs against each and every named Defendant herein, jointly and severally.

61. Plaintiff Kevin Nieves seeks such other and further damages as this Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff, Kevin Nieves, respectfully prays that his demand for relief be granted against each of the Defendants, jointly and severally.

In Accordance with FRCP 38, Plaintiff, Kevin Nieves hereby demands trial by jury on all appropriate issues.

SBARBARO LAW OFFICES, LLC

DATE: 10-29-2021

BY: \_\_/s/_____
Aaron B. Gorodetzer, Esquire
Pa. Attorney ID No. 203384
705 Gordon Drive
Exton, PA 19341
610-344-7300
610-441-7523 (fax)
Attorneys for Plaintiff
Kevin Nieves